**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | ) | Chapter 13 |
| **JOY M. BOSTIC** | ) | |
| Debtor | ) | Docket No. 25-11751-amc |
| | ) | |
| | ) | MOTION FOR STAY RELIEF |
| | ) | 1585 Willow Pond Dr., Yardley, PA |
| SANTANDER BANK, N.A. | ) | |
| Movant | ) | |
| vs. | ) | **Hearing Date:  June 9, 2026** |
| | ) | **Time:  11:00 a.m.** |
| JOY M. BOSTIC | ) | **COURTROOM NO**. 4 |
| Respondent | ) | |

**MOTION OF SANTANDER BANK, N.A. FOR RELIEF FROM AUTOMATIC STAY**
_____

SANTANDER BANK, N.A. ("Santander Bank"), by and through its attorneys, Gross McGinley LLP, respectfully presents the following Motion for Stay Relief pursuant to 11 U.S.C. 362(d) and in support thereof alleges as follows:

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. §157 and §1334, as well as 11 U.S.C. § 362.

2. On or about May 5, 2025, Debtor, Joy M. Bostic ("Debtor") filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code ("Petition for Relief").

3. By way of brief background, on or about February 17, 2017, Leroy E. Bostic, Jr. ("Leroy Bostic") obtained a home equity line of credit from Santander Bank with a credit limit of $100,000.00 as evidenced by a Home Equity Line of Credit Agreement ("Note") secured by a mortgage on Real Property owned by Leroy Bostic and located at 1585 Willow Pond Drive, Yardley, Bucks County, Pennsylvania ("Premises") and recorded at Instrument Number 2017013644 ("Mortgage").

4. It is believed and therefore averred that the Mortgagor and Real Owner, Leroy E. Bostic, Jr., departed this life on August 17, 2023.

5.        On or about June 16, 2023, prior to his passing Leroy Bostic deeded ownership of the Premises to the Debtor by virtue of a Deed recorded on June 22, 2023 in the Office for the Recording of Deeds in and for the County of Bucks at Instrument Number 2023025429.

6.        The Debtor is the record owner of the Premises which is currently the Debtor's principal residence.

7.        Santander Bank is a secured creditor with a second lien mortgage upon the Premises.

8.        On or about January 9, 2026, Santander Bank filed a Proof of Claim (Claim No. 8) which listed the total amount of the secured claim as $117,132.60 with pre-petition arrears of $16,159.95. A true and correct copy of Santander Bank's Proof of Claim and all attachments thereto are incorporated herein by reference as though set forth herein at length.

8.        Under the Debtor's proposed Chapter 13 Plan the Debtor was to make pre-petition payments through the Trustee and continue with post-petition payments outside of the Plan directly to Santander Bank with regard to the Mortgage.

9.        The Debtor is currently delinquent for the August 2025 through May 2026 monthly post-petition payments to the Bank.

10.        As of this date, the Debtor has not made monthly post-petition payments for the months of August 2025 through May 2026, with a total post-petition delinquency of $5,748.60, exclusive of late charges, attorneys' fees and costs.

11.        The monthly payment due under the terms of the Note varies month to month but the May 9, 2026 payment of interest only is $552.05.

12.        As of April 30, 2026, the Debtor is indebted to Santander Bank in the amount of $122,796.43, together with per diem interest of $17.81, along with charges, fees and costs recoverable under the Mortgage.

13.        Santander Bank is not adequately protected due to the Debtor's failure to make post-petition payments for the last nine (9) months.

14.    Santander Bank requests that the 14-day period set forth in Rule 4001(a)(3) be waived so that any Order entered on this Motion will take effect immediately upon its signing.

**Santander Bank is entitled to Relief from
the Automatic Stay Pursuant to 11 U.S.C. Section 362(d)**

15.    Pursuant to 11 U.S.C. Section 362(d)(1), Santander Bank is entitled to relief from the automatic stay for sufficient cause, including without limitation, the lack of adequate protection of Santander Bank's interest in the Premises, in that:

a)    the interests of Santander Bank are not adequately protected by reason of the Debtor's failure to make post-petition payments of principal or interest for the last nine (9) months and the liens and mortgages upon the Premises continue to increase.

WHEREFORE, Santander Bank, N.A., requests:

a)    that the automatic stay issued pursuant to 11 U.S.C. §362 be modified to allow Santander Bank to pursue all available Pennsylvania state court remedies against the Premises, including without limitation, a foreclosure upon and Sheriff Sale of the Premises;

b)    Debtor be obligated to pay monthly post-petition payments to Santander Bank, and /or

c)    such other additional relief as may be equitable and just under the circumstances.

Respectfully Submitted,
**GROSS MCGINLEY LLP**

*/s/Jessica S. Kaczinski*
Jessica S. Kaczinski, Esq.
PA ID #333860
*Attorneys for Santander Bank, N.A.*
33 S. 7th Street, PO Box 4060
Allentown, PA 18105
Phone No. 610-820-5450
jkaczinski@grossmcginley.com