UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | ) | Chapter 13 |
| **JOY M. BOSTIC** | ) | |
| Debtor | ) | Docket No. 25-11751-amc |
| | ) | |
| | ) | MOTION FOR STAY RELIEF |
| | ) | 1585 Willow Pond Dr., Yardley, PA |
| **SANTANDER BANK, N.A.** | ) | |
| Movant | ) | |
| vs. | ) | |
| | ) | |
| **JOY M. BOSTIC** | ) | |
| Respondent | ) | |

## STIPULATION RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY

SANTANDER BANK, NA ("Santander") by and through its attorney Jessica S. Kaczinski, Esquire of Gross McGinley LLP, and Debtor, JOY M. BOSTIC ("Debtor"), along with her counsel, Brad Sadek, Esquire agree and stipulate to Relief from the Automatic Stay pursuant to 11 U.S.C. 362(d), and in support thereof, alleges as follows:

1.   On or about May 5, 2025, Debtor, Joy M. Bostic, filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code.

2.   By way of brief background, on or about February 17, 2017, Leroy E. Bostic, Jr. ("Leroy Bostic") obtained a home equity line of credit from Santander Bank with a credit limit of $100,000.00 as evidenced by a Home Equity Line of Credit Agreement ("Note") secured by a mortgage on Real Property owned by Leroy Bostic and located at 1585 Willow Pond Drive, Yardley, Bucks County, Pennsylvania ("Premises") and recorded at Instrument Number 2017013644 ("Mortgage").

3.      It is believed and therefore averred that the Mortgagor and Real Owner, Leroy E. Bostic, Jr., departed this life on August 17, 2023.

4.      On or about June 16, 2023, prior to his passing Leroy Bostic deeded ownership of the Premises to the Debtor by virtue of a Deed recorded on June 22, 2023 in the Office for the Recording of Deeds in and for the County of Bucks at Instrument Number 2023025429.

5.      The Debtor is the record owner of the Premises which is currently the Debtor's principal residence.

6.      Santander Bank is a secured creditor with a second lien mortgage upon the Premises.

7.      The Debtor has not made monthly post-petition payments to Santander as required under the Note and the Chapter 13 Plan and is presently due for the months of September 2025 through June 2026 totaling $5,686.95, exclusive of attorney's fees, late charges, and costs.

8.      The Debtor has agreed to cure the post-petition delinquency ($5,686.95), along with attorney's fees and costs of $949.00 ($750.00 plus $199.00 filing fee for motion) for a total amount of $6,635.95 ("Arrearage") through the Chapter 13 Plan as follows:

A. On or before July 1, 2026, the Debtor by and through her Counsel shall file an amended Chapter 13 Plan to include the additional payment of the Arrearage to Santander in the amount of $6,635.95.  The post-petition Arrearage will be paid in addition to the pre-petition arrears listed on Santander's filed Proof of Claim in the amount of $16,159.95.  The Total amount to be paid to Santander through the amended Chapter 13 Plan will be **$22,795.90.**

B.      On or before July 8, 2026 and continuing on the first day of every month thereafter until the entire debt owed to Santander is paid in full, Debtor shall make the regular monthly mortgage payment directly to Santander, which payment amount varies from month

to month.

9.     The Parties hereto stipulate and agree that the Automatic Stay provisions of Section 362 shall remain in full force and effect pursuant to the terms set forth in this Stipulation.

10.     If the Debtor fails to make any of the payments set forth in this Stipulation, Santander agrees that it will provide the Debtor and her counsel with fifteen (15) days written notice of such delinquency via electronic mail. Debtor shall have fifteen (15) days from the date of such notice to cure the delinquency ("Cure Period").

11.     Should the Debtor fail to cure the default within the Cure Period, Santander may file a Certificate of Default and upon such filing, the Automatic Stay provisions of Section 362 shall be terminated with respect to Santander and Santander shall be entitled to proceed with available State Court remedies against the Premises, including without limitation a proceeding with a Mortgage Foreclosure Action against the Premises, all without further application to the Bankruptcy Court or further notice to the Debtor or her Counsel.

12.     Debtor's counsel represents that he has reviewed this Stipulation with the Debtor and he has received specific authorization to bind her to the terms of this Stipulation and to sign this Stipulation for Relief from Stay on her behalf, in the event the Debtor does not personally sign this Stipulation.

13.     The parties agree that this Stipulation may be signed in counterparts and that an electronic or facsimile signature, or a copy thereof, shall have the same force and effect as an original signature.

14.     The parties agree and stipulate to the waiver of the 14 day period set forth in Rule 4001(a)(3), in that the Order shall take effect immediately upon its signing and that the Order shall survive a conversion of the within Bankruptcy to a case under Chapter 7 or any other chapter of the Bankruptcy Code.

**WHEREFORE**, the Debtor along with her counsel, and Santander, by and through its counsel, request this Court to enter an Order which provides:

      (a)     that the Automatic Stay provisions of Section 362 shall remain in full force and effect pursuant to the terms set forth in Stipulation; and

      (b)     that if the Debtor fails to make the payments pursuant to the terms of this Stipulation, then upon the Notice of Default to Debtor and the filing of a Certificate of Default, the Automatic Stay provisions of Section 362 shall be terminated with respect to Santander and Santander shall be entitled to proceed with available State Court remedies against Debtor's real property known as 1585 Willow Pond Drive, Yardley, Bucks County, Pennsylvania ("Premises"), including without limitation, proceeding with the pending Mortgage Foreclosure action against the Premises all without further application to this Court or notice to the Debtor or her counsel.

/s/*Jessica S. Kaczinski*  
JESSICA S. KACZINSKI, ESQUIRE  
Attorney for Santander

/s/*Brad J. Sadek*  
BRAD J. SADEK, ESQUIRE  
Attorney for Debtor

_____  
JOY M. BOSTIC

CONSENT/NO OBJECTION OF CHAPTER 13 TRUSTEE:

_____  
KENNETH E. WEST